Commonwealth *v.* Jones, Appellant.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1969:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

On August 14, 1964, appellant was brought to trial on four indictments: Nos. 1237 and 1238 of February Sessions, 1964, charging possession and use of drugs, and Nos. 513 and 514 of July Sessions, 1964, charging larceny and use of drugs. Appellant was arraigned at the bar of the court and entered pleas of not guilty on all indictments. He waived a jury trial.

Testimony was offered on the larceny indictment, No. 513 of July Sessions, 1964. Immediately following, testimony was offered on the use of drugs charge, No. 514 of July Sessions, 1964. The district attorney then was made aware that the officer who was to testify with respect to the possession and use of drugs indictments, Nos. 1237 and 1238 of February Sessions, 1964, was not in the courtroom.

The following discussion ensued.

"THE COURT: Will counsel come to the bench a minute? (Side Bar Conference.) MR. IRWIN [defense counsel]: If your Honor please, the defendant will change his plea on the Charge of unlawful use of drugs. "THE COURT: That is Bill No. 1237? MR. IRWIN: He will plead guilty to the one in June [sic; July] of 1964, No. 514. (The Defendant was rearraigned and pleaded Guilty to Bill No. 514.) THE COURT: What about Bill No. 1237? MR. IRWIN: The defendant will change his plea on that, also. (The Defendant was rearraigned

and pleaded Guilty to Bill No. 1237). MR. IRWIN: I think I should demur to Bill No. 1238. THE COURT: Demurrer sustained." (N.T. 8-9)

Thus, the disposition of indictment No. 513 is not indicated by the notes of testimony. The clerk of the court, however, inscribed a guilty plea on the bill.

Four months later, on December 18, 1964, the trial judge imposed a sentence of five months to one year on indictment No. 1237 of February Sessions, 1964, one year's probation on indictment No. 514 of July Sessions, 1964, and five years' probation on indictment No. 513 of July Sessions, 1964, to begin after the expiration of the sentence on No. 514.

On March 21, 1968, appellant was held to have violated his probation on indictment No. 513 of July Sessions, 1964, and was sentenced to one to three years in the State Correctional Institution. This appeal followed.

Appellant argues that he never pleaded guilty on indictment No. 513 of July Sessions, 1964. The record is devoid of any indication that a guilty plea was entered.

Indeed, the record, to the contrary, suggests that there was no plea as to Bill No. 513. It should be noted again that Bill No. 513 related to larceny while Bill No. 514 related to the unlawful use of drugs, two quite different offenses. Defendant's attorney was quite specific in stating, "the defendant will change his plea on the Charge of unlawful use of drugs," and later identified this charge as Bill No. 514. There is nothing to indicate, however, that the attorney was also changing the plea as to larceny, Bill No. 513. Indeed, the very specificity of the attorney's statement would suggest otherwise.

Nonetheless, the Commonwealth argues that the clerk's notation on the bill and the subsequent sentence

by the court indicate that a guilty plea was entered. These factors, however, deserve little consideration.

Notations by clerks on bills of indictment are prone to error and inconsistency. In the instant case, the notation may represent an assumption by the clerk that appellant pleaded guilty on all bills except No. 1238. In any event, guilty pleas should not be so lightly inferred from the record, particularly when emanating from so doubtful a source.

Nor would the subsequent sentence of the court alone be of great significance. Sentence was pronounced four months after the plea was allegedly entered and may have been based on the court's assumption that the clerk's notation represented a true indication of the plea entered.

Appellant cannot be deemed to have acquiesced in the sentence on the bill to which no guilty plea had been entered on the record since he was represented at sentencing by a new attorney. This attorney apparently was unfamiliar with the trial proceedings four months before and may not have known that no on the record guilty plea was ever entered.

Therefore, before appellant may be deemed to have the burden of showing that the guilty plea was involuntarily made, see *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A. 2d 923 (1969), I would find that the Commonwealth must show that a plea actually was entered as to Bill No. 513.

I would vacate the judgment of sentence and remand this case to the lower court for proceedings consistent with this opinion.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.