## Commonwealth *v.* Jones, Appellant.

Argued November 18, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

*John W. Packel,* Assistant Public Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, with him *Louis A. Perez, Jr.* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

On August 14, 1964, the appellant, Richard S. Jones, was called for trial in Philadelphia on four bills of indictment charging him with the following criminal offenses: Bills Nos. *1237* and *1238* February Sessions

1964, Illegal Possession and Use of Narcotic Drugs; Bills Nos. *513* and *514* February Sessions 1964, Larceny and Use of Narcotic Drugs. Jones pleaded "not guilty" to all indictments and waived a jury trial. According to the official transcribed notes of the proceedings, it appears that after the Commonwealth had presented some testimony to sustain the indictments, counsel for Jones stated to the court, "the defendant will change his plea on the charge of unlawful use of drugs." Counsel were then invited to approach the bench and after a side bar conference the following discussion ensued: "Mr. Irwin [defense counsel]: If your Honor please, the defendant will change his plea on the Charge of unlawful use of drugs. The Court: That is Bill No. 1237? Mr. Irwin: He will plead guilty to the one in June [sic; July] of 1964, No. 514. (The Defendant was rearraigned and pleaded Guilty to Bill No. 514.) The Court: What about Bill No. 1237? Mr. Irwin: The defendant will change his plea on that, also. (The Defendant was rearraigned and pleaded Guilty to Bill No. 1237.) Mr. Irwin: I think I should demur to Bill No. 1238. The Court: Demurrer sustained."

Hence, as far as the record discloses no disposition was made or adjudication entered as to Bill No. 513.

Four months later, on December 18, 1964, Jones was sentenced to imprisonment for a term of 5 months to 1 year on indictment No. 1237 and placed on probation for a period of 1 year on indictment No. 514 and 5 years on indictment No. 513. During the sentencing procedure, Jones was represented by counsel other than his trial counsel.

On March 21, 1968, the trial court ruled that Jones had violated the order of probation imposed on indictment No. 513, revoked this order and imposed a prison sentence on this indictment of 1 to 3 years. An appeal was entered in the Superior Court which subsequently

affirmed the judgment without opinion. Judge HOFF-MAN filed a dissenting opinion in which Judges SPAUL-DING and CERCONE joined. See 215 Pa. Superior Ct. 236, 257 A. 2d 926 (1969). We granted allocatur.

The record clearly fails to sustain any conviction on indictment No. 513 and, needless to say, we are bound by the record. Moreover, conviction of criminal charges may not be presumed and a judgment of sentence may not be imposed on a conviction which the record does not sustain.

The order of the Superior Court and the judgment of the trial court are vacated, and the record is remanded to the trial court with the following directions. Unless the Commonwealth can affirmatively establish in appropriate proceedings that Jones actually pleaded guilty to indictment No. 513, a new trial should be ordered.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.