Commonwealth, Appellant, *v.* Ray.

Argued April 24, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Thomas C. Carroll,* Assistant Defender, with him *Francis Wright,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1972:

Frederick Ray was observed by two police officers acting in a suspicious manner as he stood on the northwest corner of Wallace and Eleventh Streets in Philadelphia. He furtively glanced at the officers and then made a sudden dash into a nearby bar, causing the police to chase in hot pursuit. Upon reaching the bar, the officers saw Ray drop a .22 calibre pistol to the floor, a firearm which later was discovered to be loaded

and unlicensed. Ray was taken into custody on the spot, escorted to police headquarters and later taken before a magistrate. Subsequently, an indictment was returned by the grand jury charging Ray with carrying a concealed deadly weapon,[1] and unlawfully carrying a firearm without a license.[2] Attached to the indictment was a small slip of paper reciting a summary offense [3] against Ray to wit, violation of Section 10-814 of the Philadelphia Code.[4]

---

[1] "Whoever carries any firearm . . . or any other deadly weapon, concealed upon his person . . . is guilty of a misdemeanor. . . ." Act of June 24, 1939, P. L. 872, §416, as amended 18 P.S. 4416.

[2] "(e). No person shall carry a firearm . . . concealed on or about his person . . . without a license therefor. . . ." Act of June 24, 1939, P. L. 872, §628(e), as amended, 18 P.S. 4628(e).

[3] Where an individual is charged with a summary and an indictable offense arising out of the same facts and is held for court on the latter charge, we are informed a magistrate in Philadelphia as a matter of practice returns all charges for disposition at trial.

[4] "§10-814 Acquisition or Transfer of Firearms

"(1) Definition

(a) Firearm. Any rifle, pistol, revolver, gun or shotgun.

(b) Department. Department of Licenses and Inspections.

"(2) Prohibited Conduct. No person shall acquire or transfer any firearm in the City, and no person shall acquire a firearm outside of the City, unless application has been made to, and license obtained from, the Department.

. . .

"(4) License

(a) No license shall be issued unless the Police Department, after due investigation, approves the application.

. . .

"(5) No transferor or vendor shall give, transfer, sell or deliver possession of any firearm to any person unless the transferee or vendee supplies to the transferor or vendor the required license for the scrutiny of the vendor or transferor.

. . .

"(7) Penalty. The penalty of violation of this section shall be a fine of not more than three hundred (300.00) dollars, or imprisonment of not more than ninety (90) days, or both."

On May 22, 1969, Ray appeared before the court for trial. The charges in the indictment were read to him (no mention was made of the summary offense) and Ray waived his right to trial by jury.

The first witness called by the Commonwealth was a police officer who had observed Ray with the gun and who had made the arrest. The next state witness, another policeman, testified that a search of the records revealed no license for the firearm had been issued. This same witness then attempted to testify concerning an incriminating statement Ray made to the police. The trial judge refused to allow this evidence, citing as his reason the Commonwealth's failure to establish a corpus delicti. The court asserted that the element lacking for proof of the corpus was that of concealment.

The assistant district attorney urged the court to allow the evidence of the statement to establish Ray's guilt under Section 10-814 of the Philadelphia Code, an offense which does not have concealment as a component part. The following colloquy then took place between the court and the state's attorney:

"Mr. Cox [assistant district attorney]: Not the essence, the summary offense charged on the indictable [sic], the summary would be a violation of the City ordinance 10-814 which is possession of an unlicensed weapon.

"The Court: Do you want a ruling on that one?

"Mr. Cox: Yes, sir.

"The Court: I rule that the City ordinance is unconstitutional.

The ordinance is a violation of the Federal Constitution: 'The right of the people to bear arms shall not be infringed.'

I don't like guns any more than you do.

Is there anything further *on this particular bill of indictment?*

"Mr. Cox: Beyond the offer of proof on the statement, no Your Honor, no.

"The Court: The verdict is not guilty." [Emphasis added.]

Subsequently, this entry was made in the court docket with respect to the indictable offenses: "Adjudged not guilty." There were no docket entries in respect to the summary offense but someone (not identified) wrote "discharged" across the small slip of paper reciting the summary offense.

The Commonwealth then entered an appeal in the Superior Court. Ray filed a timely motion to quash. Subsequently, the Superior Court denied the motion to quash, and filed an opinion ruling Section 10-814 of the Philadelphia Code was "unconstitutional" because it attempted to extend Philadelphia's authority and power beyond the limits granted by the legislature. See 218 Pa. Superior Ct. 72, 272 A. 2d 275 (1970). We granted allocatur.

On the record presented, the Superior Court erred in not quashing the appeal. If in its verdict of "not guilty" the trial court intended to include the asserted violation of Section 10-814 of the Philadelphia Code, an appeal does not lie. The Commonwealth may not appeal from a verdict of "not guilty" entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding. *Commonwealth v. Haines*, 410 Pa. 601, 190 A. 2d 118 (1963); *Commonwealth v. Lodge No. 148, L.O.O.M.*, 188 Pa. Superior Ct. 531, 149 A. 2d 565 (1959); and, *Commonwealth v. Obenreder*, 144 Pa. Superior Ct. 253, 19 A. 2d 497 (1941).

On the other hand, if the "not guilty" verdict did not dispose of the charge asserted under the Code, then as far as the record is concerned there has been no final order or judgment in respect thereto. An appel-

late court is bound by the record, and a conviction, acquittal or dismissal of criminal charges may not be presumed. See *Commonwealth v. Jones,* 444 Pa. 114, 282 A. 2d 237 (1971).

It is fundamental that generally an appeal will lie only from a definitive order, decree or judgment which finally terminates the action. *Middleberg v. Middleberg,* 427 Pa. 114, 233 A. 2d 889 (1967). Additionally, the right of the Commonwealth to appeal is highly circumscribed. See *Gaskins Case,* 430 Pa. 298, 244 A. 2d 662 (1968). It is true we have ruled the Commonwealth may appeal from certain pretrial orders involving a pure question of law and which in effect terminate the action. See *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). However, where, as here, the trial court does not agree with the Commonwealth's position on a question of constitutionality or statutory construction, in order to preserve its right to appeal the Commonwealth must insure the entry of an appropriate final order. See and compare, *Commonwealth v. Lodge No. 148, L.O.O.M.,* supra; and *Commonwealth v. Arnold,* 215 Pa. Superior Ct. 444, 258 A. 2d 885 (1969).

The Commonwealth and the Superior Court assumed the notation "discharged" written across the paper reciting the summary offense constituted such a final order, but the only order that may be accorded validity is that appearing in the official trial record. *Commonwealth v. Jones,* supra. Unless the verdict "not guilty" included the offense charged under the Philadelphia Code, the instant record fails to disclose a final order in respect thereto.

The order of the Superior Court is vacated, and the appeal filed in that court is ordered quashed.