## Commonwealth v. Stumpo

*William S. Kreisher,* for Commonwealth.

MYERS, *P.J.,* June 14, 1977—Defendant was arrested and charged with hunting without a nonresident license, in violation of The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.316(a). Following a hearing, defendant was found not guilty by a district justice.

The Commonwealth then filed an appeal to this court. In our view, however, the Commonwealth may not appeal an adverse summary decision. Accordingly, we will sua sponte quash the appeal.

Summary appeals are governed by the provisions of Pa.R.Crim.P. 67, which give the right to appeal only to the accused, not to the Commonwealth.

The Commonwealth suggests, though, that article V, §9, of the Pennsylvania Constitution gives either party the right to appeal. According to §9: "There shall be a right of appeal in all cases to a court of record from a court not of record."

However, the provisions of article V, §9, are not self-executing. Therefore, if the Commonwealth is to be afforded an appeal from a dismissal of a summary prosecution, specific implementing or amendatory legislation is required: Manheim Twp. School District v. State Bd. of Education, 1 Pa. Commonwealth Ct. 627, 276 A. 2d 561, 627 (1971); Com. v. Georgiana, 68 D .& C. 2d 307 (1974). See also: Com. v. Ray, 448 Pa. 307, 292 A. 2d 410 (1972); Com. v. Haines, 410 Pa. 601, 190 A. 2d 118 (1963). Since the legislature has not seen fit to provide such legislation, appeals from summary decisions must be governed by Rule 67. Contra, Com. v. Hughes, Pa.C.C.P. Clearfield Cty., no. 74-54-CRA (1974).

ORDER

And now, June 14, 1977, the within appeal is dismissed. Costs to be paid by the County of Columbia.