## Commonwealth v. Culvey

*J. Michael Williamson*, for Commonwealth.
*Peter P. Griffin*, for defendant.

BROWN, *P. J.*, July 15, 1977 — These proceedings involve a summary conviction appeal arising out of defendant's being charged with casting the rays of an artificial light on deer while in possession of a firearm in violation of the provisions of section 704 (b) of The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.704. At a hearing held before district justice of the peace, Kevin R. Dwyer on January 20, 1976, defendant was found not guilty. This appeal was filed by the Commonwealth from defendant being found not guilty.

Defendant has filed a motion to quash the appeal alleging that the Commonwealth does not have the right of appeal from a summary proceeding when defendant is found not guilty.The court accepted the motion to quash the appeal, taking the same under advisement, and then permitted testimony on the violation in question.

The subject matter raised by this appeal is an area for which no definitive appellate court decisions have been found. Several courts of common pleas in this Commonwealth are divided on the question with some courts allowing the Commonwealth to appeal in this situation while others deny the right to such an appeal.

At the outset the Commonwealth relies on Article 5, §9 of the Pennsylvania Constitution which states:

"There shall be a right of appeal in all cases to a court of record from a court not of record . . ." Based upon this provision of the Constitution the court would have no difficulty determining that the Commonwealth does have a right of appeal from a summary proceeding held before a district justice of the peace, which would be a proceeding

in a court not of record. However, the legislature has the right to circumscribe this right of appeal as it relates to the Commonwealth, even though it would not be permitted to circumscribe the right of appeal as it would apply to a defendant.

A review of the legislative action in this area of the law first of all establishes that prior to 1968, the legislature had specifically authorized the prosecution to file an appeal in a game law violation proceeding. This authorization was found in the Act of June 3, 1937, P.L. 1225, art. XII, sec. 1210, as amended, 34 P.S. §1311.1210, which provided:

". . . Any prosecutor, dissatisfied with the finding of any magistrate, alderman, or justice of the peace, may, in like manner, appeal to said court within said period." This provision of The Game Law was a clear legislative mandate that the prosecutor of a game law violation could file an appeal from a decision of a justice of the peace in a summary proceeding. However, in 1968 the legislature enacted the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137, 42 P.S. §3001 et seq. In section 3003 of the aforesaid Minor Judiciary Court Appeals Act, the legislature specifically provided as follows:

"(a) In all cases of summary proceedings, the defendant, upon conviction by an issuing authority, may appeal to the court of common pleas of the judicial district in which the minor judiciary court is held." A search of that act fails to disclose any right of appeal being given to the prosecutor in a summary conviction proceeding. The Minor Judiciary Court Appeals Act specifically repealed section 1210 of The Game Law so that at this point in time it can be observed that the legislature ef-

fectively took away the right of game commission personnel to file appeals from summary conviction proceedings.

The Minor Judiciary Court Appeals Act itself was later suspended by the Pennsylvania Supreme Court when it enacted Pennsylvania Rule of Criminal Procedure Number 67 dealing with appeals from summary judgments. This rule specifies the procedure and mechanics of filing a summary conviction appeal and likewise confines itself by its express language to defendant's filing an appeal in such a proceeding. Thus, it cannot be argued that the Pennsylvania Supreme Court enlarged upon the class of persons entitled to appeal, and that the latest *legislative* word on the subject is the Minor Judiciary Court Appeals Act which denies the right of Game Commission personnel to file such an appeal.

Thus, the court finds that the present state of the law as spelled out by the legislature and the Pennsylvania Supreme Court is to prohibit the Commonwealth from filing an appeal from a summary proceeding before a district justice of the peace. This is not necessarily mandated by any constitutional provision, or any double jeopardy problems arising out of the Constitution, but instead is based upon the clear intent of the legislature for whatever reason it deemed fit to circumscribe the right of appeal by an agency of the Commonwealth in a summary proceeding when the defendant is found not guilty. Whether or not this is a wise policy decision is not for this court to answer since it is properly a matter for the legislature to decide.

This decision is consistent with the reasoning contained in the case of Commonwealth v. Ray, 448 Pa. 307, 292 A.2d 410 (1972). In that decision the court stated at page 311:

"The Commonwealth may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or *by summary proceeding.*" (Emphasis supplied.) The Ray court said also:

"Additionally, the right of the Commonwealth to appeal is highly circumscribed." Whether the policy of prohibiting Commonwealth appeals in this situation is a sound or wise policy is immaterial, since the appellate courts of the Commonwealth apparently agree with the legislature that the Commonwealth shall not have the right of appeal in such a situation. Accordingly, this court is limited to applying the law as it determines the law to be and accordingly, the motion to quash the appeal will be allowed.

### ORDER

And now, July 15, 1977, based upon the foregoing memorandum, it is hereby ordered that defendant's motion to quash the appeal be granted and that the appeal be dismissed.