## In re Petition of Township of North Huntingdon

*Thomas P. Cole, II*, for petitioners.

ACKERMAN, *J.*, October 16, 1981—The matter that this court is being asked to review initially arose at no. 4111 of 1981. In that case, petitioners brought an action against Martha Medich, District Justice, Magisterial District No. 2-04, alleging that the magistrate had in excess of 30 pending traffic citations involving the use of the Excessive Speed Preventer (ESP), and that the magistrate had indicated she is considering dismissal of all of these traffic citations and others involving the use of ESP because her interpretation of the law requires her to do so. In an attempt to prevent such action, the petitioners asked the court at no. 4111 of 1981 for an order temporarily restraining the magistrate from rendering decisions pertaining to citations issued on the basis of the use of ESP and further asked for a declaratory judgment regarding the legality of its use. On May 15, 1981, the Honorable Charles H. Loughran issued a temporary restraining order pending a hearing on the matter. A hearing was held before him on May 18, 1981, at which time he dissolved the injunction and dismissed the request for a declaratory judgment. Subsequently, petitioners filed this action as a "case stated" and asked that this court rule on the legality of ESP.

A review of the documents filed at no. 4111 and no. 5872 of 1981, indicate that there has been no decision rendered by the district justice regarding the use of ESP. What this court is being asked to do is to give its opinion to the district magistrate regarding the legality of the ESP. We can find no authority that would allow us to do so. The Rules of Criminal Procedure regarding summary cases

clearly indicate that the issuing authority is charged with the duty to render decisions regarding summary offenses. Since there has been no order entered by the magistrate, interlocutory or otherwise, it is premature and improper for us to render an opinion regarding ESP. Petitioners' arguments regarding their belief in the legality of ESP should be directed toward the magistrate so that she can have the benefit of their research prior to fulfilling her duty in rendering a decision on the summary cases pending before her.

We recognize that the Commonwealth may not appeal a verdict of "not guilty" entered by a magistrate, and the Pa.R.Crim.P. 67 dealing with appeals from summary judgment grants the right to appeal "after conviction" only to defendant. But, it is also true that the Commonwealth may appeal from certain pretrial orders which involve a pure question of law and which in effect terminate the action. See Com. v. Ray, 448 Pa. 307, 292 A. 2d 410 (1972). When, in an actual case, the magistrate promulgates such an order involving the use of ESP, which has the effect of terminating the prosecution, then the Commonwealth, not the township, may if it wishes, seek to appeal the order. We do not perceive that it is the function of the common pleas court to advise magistrates on how they should rule, absent an actual controversy between the Commonwealth and a defendant as to the propriety of an order actually entered by the magistrate. Since this is not the posture of the matter before us we will not further entertain the township's petition.

## ORDER

And now, October 16, 1981, the petition of the Township of North Huntingdon and the North Huntingdon Township Police Department is hereby dismissed.