## Commonwealth v. Bittinger

*David J. Flower, Assistant District Attorney*, for Commonwealth.
*Douglas M. Bell*, for defendant.

COFFROTH, *P.J.*, September 1, 1982—This case is here on defendant's motion in arrest of judgment on the verdict of the trial judge (Coffroth, P.J.) finding defendant guilty of the summary offense of harassment under Crimes Code §2709(1). The motion makes the following contentions:

(1) Defendant was entitled to a jury trial, notwithstanding that the offense is classified as summary by the Crimes Code, because at common law the offense was a constituent part of the crimes of assault and battery, misdemeanors triable by jury, and to that extent §2709(1) making it a summary offense is unconstitutional.

(2) Since defendant was acquitted by the jury of simple assault in the same trial in which the trial Judge found him guilty of harassment the guilty verdict is invalid because: (a) harassment is a lesser included offense of simple assault, (b) the consolidated jury and nonjury trial violates double jeopardy and Crimes Code §110, and (c) defendant's criminal liability in both charges depended on the same facts (alibi) and the jury acquittal precluded conviction of harassment by collateral estoppel.

## CONSTITUTIONAL RIGHT TO JURY TRIAL

Defendant contends that Crimes Code §2709(1) is in substance the common law offense of assault or assault and battery for which the accused was entitled to a jury trial, and that the legislature may not constitutionally eliminate that right.[1] There is

1. Article 1 §6 of the Pennsylvania Constitution states: "Trial by jury shall remain as heretofore and the right thereof remain inviolate." That provision has been construed as mandating jury trial "in every situation in which [an individual] would have been entitled to such a trial at the time of the adoption of our State Constitution of 1790 and ever since under

substance to the contention that the Crimes Code has defined as simple assault the common law assault and battery crimes which involve "bodily harm" (Crimes Code §2701), and has defined as harassment those common law assault and battery offenses which do not involve bodily harm in §2709(1) which provides that:

"A person commits a summary offense when,with intent to harass, annoy or alarm another person: (1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same."

While the constitutions do not require a jury trial of "petty" offenses, whether a particular offense is a petty offense is open to inquiry. See: CJS, Constitutional Law §590; PLE, Constitutional Law §301; Am. Jur. 2d, Constitutional Law §47.

But in the instant case, defendant knowingly and voluntarily went to trial on the charge of harassment under §2709(1) before a judge instead of a jury without objection, and raised the objection only in the post-verdict motion after he was found guilty. He thus waived the issue. A litigant may not go through a trial and forego the opportunities for raising his contentions at a time when they may, if meritorious, be effectively redressed, and then after trial and an adverse verdict raise them for the first time and expect relief: See: Lyons v. Kalp, 38 Somerset L.J. 1, 15 (1979); Com. v. Whearty, 34 Somerset L.J. 65, 75 (1977); Saylor v. Rose, no. 303 Civil 1977, opinion of August 18, 1981. Criminal Rule 1123(a) expressly states in relevant part that,

"Only those grounds [stated in a post-verdict motion] may be considered which were raised in pretrial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise."

Therefore, this ground of the motion is not now entitled to consideration.[2]

## GREATER AND LESSER OFFENSES

Whenever all of the essential elements of a crime are included within but constitute less than all of the essential elements of another crime, the former is said to be a lesser included offense of and to merge into the greater. Among the legal consequences of such a situation is the rule that an acquittal of the greater offense, without a separate conviction of the lesser in the same trial, operates as an automatic acquittal also of all lesser included offenses. See: Com. v. Whaley, 40 Somerset L.J. 43 (1980); Com. v. Whearty, supra, 79; Com. v. Schindler, 28 Somerset L.J. 218 (1973); Com. v.

---

our succeeding constitutions." William Goldman Theaters v. Dana, 405 Pa. 83, 93, 173 A. 2d 59 (1961), certiorari denied 386 U.S. 897, 7 LEd2d 93 (1961). See also Elizabeth Township v. Municipal Authority of McKeesport, 498 Pa. 476, 447 A. 2d 245, 248 (1982), dissenting opinion; compare Com. v. Wharton, 495 Pa. 581, 435 A. 2d 158 (1981), constitutionality of Criminal Rule 1101.

The 6th Amendment to the U.S. Constitution states in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . " The guarantee is also binding on the states under the 14th Amendment. See PLE, Constitutional Law §301.

2. The Pennsylvania authorities relevant to the jury trial issue raised, are: Mountain v. Commonwealth, 68 Pa. Super. 100 (1917); Com. v. Yancer, 125 Pa. Super. 352, 189 Atl. 684 (1937); Com. v. Gregory, 132 Pa. Super. 507, 1 A. 2d 501 (1938); Com. v. Jaynes, 137 Pa. Super. 511 (1940); Com. v. Bird, 152 Pa. Super. 648, 33 A. 2d 531 (1945); Com. v. Bilyk, 57 D. & C. 690 (1947); Jarvis, Pennsylvania Crimes Code & Criminal Law (Bisel 1974) §2709; Toll Pa. Crimes Code Annotated (Lawyers Co-op, 1974) §2709; Model Penal Code, Proposed Official Draft (1962), §250.4 (harassment).

Kimmel, 28 Somerset L.J. 50, 57 (1972); PLE, Criminal Law §§26 and 163.[3] The defense argues for application of that rule here, that defendant's acquittal of simple assault automatically acquitted defendant of harassment as defined in the Crimes Code §2709(1) on the theory that the latter is a lesser included offense of simple assault.

But Crimes Code §2701 defining simple assault does not include all of the elements of harassment under §2709(1): the former requires an intent to cause bodily injury or to put another in fear thereof,[4] whereas the mental state required in §2709(1) is an "intent to harass, annoy or alarm".[5] Obviously, the latter mental state is different from and is not included within the former, and harassment is not therefore a lesser included offense of simple assault: Com. v. Durney, 10 Centre 137 (1977).

Moreover, the automatic acquittal by merger is applicable only where the accused is not convicted of the lesser offense in the same trial; thus, even if harassment were a lesser offense of simple assault, the merger could not occur here because defendant was convicted of the lesser offense in the same trial. The fact that the acquittal was by the jury and the conviction by the Judge does not alter the principle presently under discussion, although that fact does raise other problems next considered.

3. Also, acquittal of a lesser included offense may bar later prosecution of the greater offense, by collateral estoppel as later discussed in this opinion. See, Com. v. Zimmerman, 498 Pa. 112, 445 A. 2d 92 (1981).

4. See: Com. v. Whearty, supra, 75-76; Com. v. Schrock, 34 Somerset L.J. 81 (1977).

5. See: Com. v. Showalter, 275 Pa. Super. 1, 418 A. 2d 580 (1980).

## CONSOLIDATED JURY AND NONJURY TRIAL

The defense contention here is that the Crimes Code § 110, and as well the double jeopardy clauses of the U.S. and Pennsylvania Constitutions, in mandating a single trial for multiple offenses occurring in a single criminal episode, also mandate that there be a single trier of fact (the jury) for all offenses including those summary in character. Summary offenses are those which are properly classified by statute as petty in character. There is no right to a jury trial of a truly summary (petty) offense.[6]

This objection is defeated on the same grounds as the initial objection claiming the right to a jury trial which was not claimed until after the adverse verdict. Defendant knew at the outset of the trial that the misdemeanor would be decided by the jury and the summary offense by the Judge, yet fully acquiesced in that procedure without objection. See: Lyons v. Kalp quoted supra and other cases there cited; compare Com. v. Green, 232 Pa. Super. 134, 142, 335 A. 2d 493 et seq (1975). The proper procedure for raising a bar to prosecution on grounds of Crimes Code § 110 or constitutional double jeopardy is by timely pretrial motion. See: Com. v. Splain, 242 Pa. Super. 503, 364 A. 2d 384 (1976); Com. v. Davis, 247 Pa. Super. 450, 452 note 3 (1977); PLE, Criminal Law § 164.

Moreover, there is nothing in Crimes Code § 110, nor in the concept of double jeopardy, which a single trial of misdemeanor and summary charges

---

6. Criminal Rule 63(b) provides in relevant part that: "If the defendant pleads not guilty [in a summary case], the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the Court of Common Pleas when jury trial has been waived."

before jury and judge as separate fact finders, per se, violates. On the contrary, such a single trial of single episode offenses before dual fact finders is precisely what the Supreme Court contemplated in Com. v. Campana, 452 Pa. 233, 253, 304 A. 2d 432 (1973) where the court said:

"It should be noted that in Pennsylvania, it is clear that both summary offenses and indictable offenses may be considered at a single common pleas proceeding: 'In those cases where the evidence presented to the jury on the indictable charge applies equally and is dispositive of the summary offense, it is not necessary that a separate hearing on the summary offense be held.' [citations omitted].

"At this court recognized in Com. v. Ray supra [448 Pa. 307, 292 A. 2d 410 (1972)] at 309 note 3 . . . : 'Where an individual is charged with a summary and an indictable offense arising out of the same facts and is held for court on the latter charge, we are informed a magistrate in Philadelphia as a matter of practice returns all charges for disposition at trial.'

"Although Dawkins, supra, and Ray, supra, are cases from the City of Philadelphia, it is clear beyond cavil that the jurisdiction of the Philadelphia Common Pleas Court is precisely the same as that of all other common pleas courts."

See also, Com.v. Bodine, 69 D. & C. 3d 501 (1975). Although the foregoing quotations from Campana do not deal with the question of dual triers of fact, they must be taken to recognize the well established principle that misdemeanors are triable by jury and summaries by the court, and to recognize by implication that standard procedure will be followed in the common pleas court. That this is correct becomes clearer from examination of

Campana's citation of Dawkins in which that very procedure took place in the common pleas court and was approved by the Superior Court, as noted in White v. Com., 59 Pa. Commw. 156, 160, note 5, 428 A. 2d 1044 (1981).[7]

There is, of course, inherent in such procedure the potential for inconsistent verdicts. That problem is next discussed.

## COLLATERAL ESTOPPEL

Although we have rejected the defense challenge to the authority of the trial judge to try defendant for the summary offense and to render a guilty verdict notwithstanding that he was simultaneously tried and found not guilty by a jury of simple assault, that conclusion does not dispose of the defense challenge to the authority of the judge in the summary case to make a finding of essential fact inconsistent with the jury's verdict. The particular fact in question here is that raised by defendant's alibi defense—that he was elsewhere when the offenses charged were committed and therefore could not

---

7. Compare Com. v. Zuback, 17 D. & C. 3d 619 (1981) in which defendant was tried by jury for criminal mischief as a misdemeanor, and the jury found him guilty of criminal mischief as a summary because it also found the amount involved was not in excess of $500. The court rejected defendant's contention that he was entitled to a bench trial on the summary. Compare Com. v. Ritter, 268 Pa. Super. 563, 408 A. 2d 1146 (1979), single episode in two counties.

In Com. v. Fries, 284 Super. 421, 426 A. 2d 119 (1981), the court expressly held that the rule of compulsory consolidation of single episode offenses encompasses both summary and indictable offenses; but since all offenses in that case were tried non-jury the question of separate triers of fact was not involved.

and did not commit them. The alibi defense applies to both the misdemeanor and the summary offenses, and it must therefore be conceded that if the defense is good as to one of the offenses, it should be good as to both.

We should here note that whenever the prosecution relies upon proof that defendant was present when he committed the crime or crimes charged, as is true in the instant case, the defense of alibi casts upon the Commonwealth the burden of proving presence and commission beyond a reasonable doubt. PLE, Criminal Law §236.

The basic principle of collateral estoppel is stated in Restatement (Second) of Judgments §27, as follows:

"§27. Issue Preclusion—General Rule

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."[8]

See also: PLE, Judgments §§291 et seq; Fetterolf et al v. King Coal Company (No. 2), 41 Somerset L.J. (1981). The foregoing principle is applicable to civil judgments, and not precisely to criminal judgments. As stated in Restatement (Second) of Judgments, Introduction To Chapter 1,

" . . . the scope of this Restatement is limited to the effects of prior adjudications in civil litigation. . . . . . . . [T]his Restatement does not deal with res judicata in criminal proceedings, that is,

---

8. A number of exceptions to the general rule are stated in §§28 and 29 which are not applicable here.

the effects of a prior criminal or civil judgment in a subsequent criminal prosecution. That complex subject includes not only concepts of claim and issue preclusion as applied to criminal litigation but also the closely related matter of double jeopardy, and is worthy of a separate exposition. Nevertheless, the analysis of various problems considered herein may have application to cognate problems arising in criminal litigation."[9]

In the criminal side, it is now well settled that where a judgment of acquittal adjudicates a fact in defendant's favor which is essential to successful subsequent prosecution for another crime, the principle of collateral estoppel will be applied as part of the constitutional prohibition against double jeopardy to protect defendant from relitigation of that issue of fact in the second prosecution: Ashe v. Swenson, 397 U.S. 436, 25 LE2d 469 (1970); Com. v. Hude, 492 Pa. 600, 425 A. 2d 313 (1980); Com. v. Peluso, 481 Pa. 641, 393 A. 2d 344 (1978). In order for the estoppel to be applicable, it must appear that the fact in question was resolved in defendant's favor. Crimes Code §110(2) expresses the basic principle of collateral estoppel in statutory form, as follows:

"Although a prosecution is for violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) . . . . (2) the former prosecution

---

9. Compare PLE, Judgment §272. In Com. v. Lynn, 26 Somerset L.J. 207 (1970), the court in a criminal prosecution declined to apply collateral estoppel based on a prior civil judgment.

was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense."

See also: Com. v. Nay, 281 Pa. Super. 219, 421 A. 2d 1228 (1980); Com. v. Zabala, 274 Pa. Super. 401, 418 A. 2d 467 (1980); Com.v. Jones, 274 Pa. Super. 162, 418 A. 2d 346 (1980).[10] Under the language of §110(2) supra, the bar of collateral estoppel exists only when the prior verdict or judgment "necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense." Strictly speaking it cannot be determined with complete accuracy the ground or reason for a verdict of acquittal in the criminal law (except in those rare cases when the verdict giver so states). Even though a review of the record may by the application of logic point unerringly to the ground or reason which was "necessarily" decisive, one cannot be certain of it because a jury has the power (not necessarily the right), irrespective of the evidence or its findings, to acquit as an act of mercy: Com. v. McClendon, 478 Pa. 108, 111, 385 A. 2d 1337 (1978); Com. v. Jones, 457 Pa. 563, 569, 572, 319 A. 2d 142 (1974); Com. v.

10. A collateral estoppel arising from an adjudication of essential fact *adverse* to defendant cannot be applied *against him* in a subsequent criminal prosecution for another crime; treating collateral estoppel in criminal cases as an aspect of double jeopardy makes it a *right* of defendant, not a liability. Crimes Code §110(2) supra appears to incorporate the same idea.

Hoffman, 439 Pa. 348, 359, 266 A. 2d 726 (1970); Com. v. Collins, 436 Pa. 114, 120, 259 A. 2d 160 (1969); Com. v. Steele, 362 Pa. 427, 430 (1949); Com. v. Kellyon, 278 Pa. 59, 64, 122 Atl. 166 (1923); Com. v. Shaffer, 279 Pa. Super. 18, 22, 420 A. 2d 722 (1980); Com. v. Whearty, supra, 78; Com. v. Schindler, supra, 227. Thus, an acquittal, or a conviction of a lesser grade or degree of offense than that which the evidence supports, will stand even though inconsistent with any rationale view of the evidence or with another part of the verdict: Com. v. Whearty, supra, 77-78. In order not to denigrate bench trials, a judge in a nonjury trial has the same power as a jury to render such inconsistent verdicts: Com. v. Fox, 259 Pa. Super. 565, 393 A. 2d 970 (1976).[11]

---

11. In the trial court's opinion, adopted in Com. v. Franklin, 172 Pa. Super. 152, 92 A. 2d 272 (1952), the following statement appears (193):

"Without discussing the nature, history and function of the jury, in an already over-extended opinion, it should be sufficient to observe that the jury is more than just a juridical instrument, it is a *political* institution which should not be hastily infringed upon in particular and difficult cases lest the generality of freedom which it purports to represent be undermined without planned substitute. To the jury belongs the power to err, not alone in gullibility but also deliberately. A most important portion of the administration of our system of criminal justice is the fact that the jury in subtle ways may temper the rigidity of our criminal code in the application of the letter of the law to particular cases and may perhaps thereby mitigate the rigors of the law."

Accord: Com. v. Ornato, 191 Pa. Super. 581, 585-586, 159 A. 2d 223 (1960); Com. v. Parratto, 189 Pa. Super. 415, 422, 150 A. 2d 396 (1959).

In recent years a conflict has broken out in the Supreme Court of Pennsylvania over whether the jury should be instructed, on request, concerning its power to render a verdict of a lesser offense when the evidence does not support it but does support the greater offense. Justice Larsen's brief but hard-

Such mercy verdicts, although explainable in terms of the public policy which allows and supports them, must be regarded as irrational in terms of the legal concepts and principles upon which our judicial system tries to operate. In Com. v. Davis, 449 Pa. 468, 297 A. 2d 817 (1972), Justice Pomeroy

hitting dissenting opinion in Com. v. McClendon, supra, 116-117, is worth repeating here in full:

"LARSEN, Justice, dissenting.

"I dissent. The majority continues to insist that trial judges give juries the option of finding a defendant guilty of voluntary manslaughter (provocation and passion) in all murder cases, even though there is no evidence of manslaughter. In the present case, there was only evidence of murder in the second degree (felony murder), but the majority states:

'The jury could have returned, pursuant to its mercy dispensing power or its awareness of extenuating circumstances, verdicts of either voluntary manslaughter or murder of the third degree even if it found appellant guilty of arson, and found that the arson caused the victim's death.'

"In effect, the majority is requiring a judge to tell a jury that not only does two plus two equal four, but it can, if the jury wishes, equal five. We instruct our juries to render a true and correct verdict based on the law (which should emanate from the facts) and facts presented at trial and neither sympathy nor passion is to influence them. Juries for centuries have been instructed, no matter how agonizing, to reach a true verdict. Juries are the guardians of truth. The majority wants juries to be able to render verdicts based on law which has nothing to do with the case so that the jury may, contrary to the facts, dispense 'mercy'. Mercy is not the function of a jury—truth is. We have enough 'mercy giving' entities: a sentencing judge, the parole board, the governor, etc. Now the majority would have a jury leave the realm of truth and become enmeshed in the world of social engineering. This perverts one of the foundations of our democracy, i.e. the jury system. Any confusion by the jury in this case was due to this perversion. I, therefore, dissent."

See also: Com. v. Manning, 477 Pa. 495, 503-504, 384 A. 2d 1197 (1978). Nix, J. dissenting; Com. v. Hinson, 485 Pa. 626, 633, 403 A. 2d 564 (1979), Larsen, J. dissenting.

dissenting describes the jury's mercy dispensing power as a "power to return an illogical verdict" (481), and the result as "illogical verdict which reflects sympathy or extenuating circumstances" (481). In Com. v. Hinson, supra, Larsen, J. in dissent pleads for "a verdict having a rational basis" (633).

The plain consequence of the foregoing is that it cannot be determined with certainty what fact or facts were found by a criminal verdict and the courts have often said that an acquittal cannot generally be interpreted as a specific finding. See: Com. v. Ornato, 191 Pa. Super. 581, 585-586, 159 A. 2d 223 (1960); Com. v. Parrotto, 189 Pa. Super. 415, 422, 150 A. 2d 396 (1959). In Com. v. Carter, 444 Pa. 405, 408, 282 A. 2d 375 (1971), the court in disposing of defendant's challenge to his convictions on the ground of inconsistency of verdicts, said:

" 'An acquittal cannot be interpreted as a specific finding in relation to some of the evidence. As in other cases of this kind, the Court looks upon this acquittal as no more than the jury's assumption of a power which they have no right to exercise, but to which they were disposed through lenity.' "

How is the foregoing to be squared with the demand of principles of collateral estoppel that in order for its bar to become operative, the particular fact previously adjudicated be ascertained? Obviously, to do so we must be permitted for that purpose to evaluate the prior decision rationally in terms of legal principle, and that necessity was acknowledged in Com. v. Carter, supra, where the court said this (409):

"The cases cited by appellant as authority for his

position—[citations omitted]—are inapposite. Both of those cases are concerned with double jeopardy and are irrelevant to the inconsistent verdicts question raised in our case."

And in Ashe v. Swenson, supra, the seminal case, the U.S. Supreme Court stated (397 U.S. at 444, 25 LEd2d at 475) that in double jeopardy cases we must " . . . . 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a *rational* jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " (Emphasis added.)

The Pennsylvania Supreme Court in adhering to that principle has concluded that Crimes Code §110(2)'s requirement that the fact "necessarily" adjudicated in the former proceeding is to be ascertained according to what a "rational jury" must have grounded its decision on: Com. v. Hude, supra, 614.[12]

Applying the foregoing to the instant case, it is clear that at the trial there was no denial that the alleged crimes were committed; the sole defense was that defendant did not commit either because he was elsewhere at the time (alibi). Although we cannot really tell what led the jury to acquit defendant of simple assault, a rational evaluation of the record leads inescapably to the conclusion that the jury was not satisfied beyond a reasonable doubt

---

12. Restatement (Second) of Judgments §27, quoted supra. Comment f, dealing with the effects of civil judgments, states that extrinsic evidence is admissible to show whether or not an issue was previously litigated, and that the party asserting prior litigation has the burden of proving it.

that defendant was present and committed the assault as the Commonwealth attempted to show. Under the evidence, both the assault and the harassment charges arose from the same criminal episode committed by one person; hence the jury's finding of non-presence and noncommission of simple assault was inconsistent with the judge's finding of presence and commission of harassment. The difference in required mental state of the two crimes was not litigated.

So, we have the inconsistency of an essential fact in the two cases; but since there was a single trial here, and no "former" or "subsequent" prosecution, in conventional terms at least, which the doctrines of double jeopardy and collateral estoppel appear to contemplate, it does not necessarily follow that collateral estoppel is applicable in the instant case. In Com. v. Bytheway, 39 Somerset L.J. 88, 17 D. & C. 3d 32 (1979), dealing with another portion of Crimes Code §110, subsection (1)(ii), we concluded that the statute and Campana were not operative in cases of multiple prosecutions resulting in a single trial rather than successive trials, and traditionally that has been the reach of double jeopardy. Compare: Com. v. Holliday, 30 Somerset L.J. 230 (1975); Com. v. Shaffer, 31 Somerset L.J. 395, 404 (1976). In Com. v. Fries, 284 Pa. Super. 421, 426 A. 2d 119 (1981), the court held that the rule of compulsory consolidation of single episode offenses under Crimes Code §110 encompasses both summary and indictible offenses and that for purposes of applying Crimes Code §§109 and 110 to a tendered guilty plea in one offense, no "former" or "subsequent" prosecution was involved. Compare Com. v. Erisman, 247 Pa. Super. 476, 372 A. 2d 925 (1977). More important to our inquiry is Ashe v.

Swenson, supra, which integrated collateral estoppel and double jeopardy for the specific purpose of preventing "unfair and abusive *reprosecutions*" (quoted in Com. v. Hude, supra, 492 Pa. at 611 note 4, (emphasis added.) ) The only value of collateral estoppel in single trial situations is to prevent inconsistent verdicts, as in the instant case, which as we have seen are not per se proscribed. The foregoing cases and considerations seem to point to the conclusion that defendant here presents no basis for relief.

Yet, we are not at all satisfied with that result. The prospect for an accused in such a consolidated jury-judge trial of inconsistent verdicts is a double jeopardy of sorts. Double jeopardy encompasses the idea that a particular crime or a particular issue necessarily involved therein should be tried "to the satisfaction of a single jury, not by many juries." See Com. v. Mills, 447 Pa. 163, 169-170, 286 A. 2d 638 (1971). There is an unfairness to the accused in the sort of inconsistency here involved. Moreover, the result puts the judicial system in bad light as not knowing its own mind, and as appearing to make justice a matter of mere chance, as the throw of the dice. Granted there is no perfect justice, and that "time and chance happeneth to them all," our effort must be aimed at reducing rather than enlarging their dominion. Both proper substance and proper appearance are essential to public confidence in the judicial system and indeed to its own self-respect. So, whether the instant case is viewed as being within the concept of double jeopardy, or merely a matter of collateral estoppel, we hold that a criminal accused is protected against inconsistent findings of essential facts by different factfinders in a consolidated jury-nonjury trial of mis-

demeanor and summary offenses arising from a single episode of conduct.[13] Moreover in such a jury-nonjury situation, the application and effects of collateral estoppel are not at all dependent on whether the judge or the jury makes the first decision: the judge must defer to the jury's finding upon common essential issues, if clear, because public policy favors jury trial. Compare: Com. v. Baxter, 282 Pa. Super. 467, 422 A. 2d 1388 (1981); Fetterolf et al v. King Company (No. 2), supra. If, however, the jury's factual findings in favor of defendant are not clear, the judge should make his own finding and reserve any issue of collateral estoppel for consideration on post-verdict motions, if raised. See: Com. v. Snamen, 131 Pa. Super. 383, 386, 200 Atl. 106 (1938); Com. v. Shaffer, 31 Somerset L.J. 395, 410 (1976); Com. v. Holliday, 30 Somerset L.J. 230, 232 note [8] (1975) and cases there cited.

Although we hold that defendant was not entitled to a single fact finder in the consolidated trial under the circumstances, he was entitled to a single finding on the factual issue (alibi) which was both common and crucial to both offenses charged, and the guilty verdict of harassment must be set aside.

## ORDER

Now, September 1, 1982, defendant's motion in arrest of judgment on the summary charge of harassment is granted and defendant is discharged therefrom. Costs on the county.

13. See Com. v. Campana [No. 2] 455 Pa. 622, 314 A. 2d 854 (1974), resting the mandate for consolidation for trial of multiple single episode offenses on an exercise by the Supreme Court of its supervisory powers, and Crimes Code § 110, rather than on double jeopardy grounds despite contrary language in Campana No. 1.