461 A.2d 795

COMMONWEALTH of Pennsylvania, Appellant,

v.

Jerry Ray TILLMAN, Donald E. Phillips, J. Lamar Krebs, Gary E. Davis, Richard L. Wagner, Walter Foster.

Supreme Court of Pennsylvania.

Argued May 27, 1983.

Decided July 1, 1983.

Edgar B. Bayley, Jr., Dist. Atty., Carlisle, Michael J. McCaney, Jr., Harrisburg, for appellant.

Robert Eckenrode, Williamsport, G. Steven McKonly, James T. Yingst, Hanover, John J. Sylvanus, York, Gerald Hughes, Camp Hill, Richard L. Bush, Philadelphia, for appellees.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

Appellees are tractor-trailer operators who were separately charged under section 4522 of the Vehicle Code, 75 Pa.C.S. § 4522,[1] with having operated their vehicles in violation of

---

**1.** Section 4522 provides:

*"Violation of Federal statute or regulation*

(a) General rule.—No person shall drive a vehicle on any highway in violation of any provision of a Federal statute or regulation relating to any type of equipment or documents used in the vehicle while engaged in interstate commerce.

various Motor Carrier Safety Regulations promulgated by the Federal Highway Administration pursuant to the Interstate Commerce Act, 49 U.S.C. § 304, and the Department of Transportation Act, 49 U.S.C. §§ 1653 & 1655. After hearings before district justices, appellees were found guilty and fined pursuant to section 4522(b). In consolidated de novo proceedings, the Court of Common Pleas of Cumberland County found appellees not guilty, and held section 4522 unconstitutional on the theory that it impermissibly delegates legislative authority to the federal government.

■ On these appeals, the Commonwealth urges this Court to reject the theory of the court of common pleas and to uphold the constitutionality of section 4522. However, the verdicts of not guilty preclude our consideration of the Commonwealth's appeals. See *Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963).

■ "Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal . . . could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' " *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977), quoting *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). As the Supreme Court of the United States has recently observed, "the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of 'not guilty.' " *Jackson v. Virginia,* 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560 (1979). " '[W]e necessarily accord absolute finality to a jury's verdict of acquittal—no matter how erroneous its decision . . . .' " *Bullington v. Missouri,* 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981), quoting *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).

(b) Penalty.—Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $100."

Accord, *Commonwealth v. Mitchell,* 497 Pa. 14, 17, 438 A.2d 596, 597 (1981). Thus, where a defendant has been found not guilty at trial, he may not be retried on the same offense, "even if the legal rulings underlying the acquittal were erroneous." *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978). As Justice Rehnquist, speaking on behalf of the Supreme Court of the United States, has stated,

> "the law attaches particular significance to an acquittal. To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.'"

*United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), quoting *Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). See also *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982) (verdict of not guilty "absolutely shields the defendant from retrial"). So, too, no prosecution appeal lies from a not guilty verdict, even where that verdict is "based upon an 'egregiously erroneous foundation.'" *Borough of West Chester v. Lal,* 493 Pa. 387, 392, 426 A.2d 603, 605 (1981), quoting *Sanabria v. United States,* supra, 43 U.S. at 64, 98 S.Ct. at 2178; see *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

Accordingly, regardless of the merit of the Commonwealth's argument that section 4522 of the Vehicle Code is constitutional, the adjudication of not guilty entered by the court of common pleas is an absolute constitutional bar to the Commonwealth's appeals. Hence the Commonwealth's appeals must be quashed.[2]

Appeals quashed.

NIX, J., did not participate in the consideration or decision of this case.

---

2. Although appellees have not challenged the jurisdiction of this Court to consider the Commonwealth's appeals, it is clear that

" '[t]he defendant[s] having been adjudged not guilty by the court which had jurisdiction to try [them,] we are without authority, in the circumstances here presented, to reverse that judgment and order a new trial.' " *Commonwealth v. Haines,* supra, 410 Pa. at 604, 190 A.2d at 120, quoting *Commonwealth v. Preston,* 92 Pa.Super. 159 (1927).