597 A.2d 648

**IN re D.D.**

**Appeal of D.D., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1990.
Filed Sept. 24, 1991.

38

Troy H. Wilson, Philadelphia, for appellant.

Susan E. Willcox, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, WIEAND, OLSZEWSKI, DEL SOLE, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

JOHNSON, Judge:

The Honorable Abram Frank Reynolds adjudicated D.D. delinquent, placed the juvenile on probation and imposed a fine of $300 payable within one year. On this appeal from the order of disposition, D.D. contends that (a) the evidence was insufficient to demonstrate his participation in an attempted auto theft and conspiracy and (b) being thirteen years of age, he was entitled to a presumption that he lacked the capacity to form the necessary *mens rea* to commit the offenses for which he was charged.

We find the evidence to have been sufficient to support the adjudication of delinquency. We conclude that the issue regarding the presumption of incapacity was not properly raised and preserved in the trial court. Accordingly, we affirm the adjudication of delinquency and the disposition order.

■ First, we consider D.D.'s contention that insufficient evidence was presented to support a finding of delinquency. To support the adjudication of delinquency in the face of a claim of insufficiency, we must find that the evidence meets the standard of "beyond a reasonable doubt." *In Interest of DelSignore*, 249 Pa.Super. 149, 375 A.2d 803 (1977); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In so doing, we must consider all the evidence presented, and all the inferences therefrom, upon which, if believed, the finder of fact could properly have based its verdict. *DelSignore; Commonwealth v. Gorby*, 527 Pa. 98, 588 A.2d 902 (1991).

On July 21, 1989, at about 11:50 p.m., Philadelphia Police Officer William Repsch and his partner, both in plain clothes, observed D.D., then age thirteen years and nine months, and five other males sitting on a bench in the 2400 block of Pennsylvania Avenue in Philadelphia. The officers watched as the males walked to the 2600 block of Pennsylvania Avenue, peering into cars. Officer Repsch remained in his unmarked vehicle and watched the group through binoculars, while his partner watched on foot.

The males returned to the bench in the 2400 block of Pennsylvania Avenue. D.D. rose from the bench, wound up as if he were throwing a baseball, and threw a rock through the passenger side window of a car parked about ten feet away, shattering the window glass. D.D. returned to the bench where the group of males stayed for approximately two minutes. Two other members of the group then entered the car. The vehicle's interior lights went on, and the car rocked back and forth as a result of the activity inside.

After Officer Repsch called by radio for backup, an unmarked police van pulled within six parking spaces of the bench where D.D. and three other males were waiting. The two males got out of the car that was under surveillance, and returned to the bench. Shortly thereafter, the six males began walking away. Police then moved in and arrested all of the males.

When the officers examined the car, they found the passenger window broken, and the steering wheel bent so that an anti-theft device was within one-quarter inch from being removed. The owner of the car reported that she did not know D.D. or any of his companions.

 We find this evidence is sufficient to show beyond a reasonable doubt that D.D. had committed the crime of attempted theft. The Crimes Code states that:

**§ 901. Criminal attempt**

**(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he

does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a). The elements of theft are: (1) unlawful taking or exercising unlawful control over (2) movable property of another (3) with the intent to deprive the owner thereof. 18 Pa.C.S. § 3921(a). We also find that the evidence was sufficient to show beyond a reasonable doubt that D.D. was guilty of criminal conspiracy. The Crimes Code defines criminal conspiracy:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

We reject as frivolous D.D.'s assertion that reasonable doubt exists because the owner of the car failed to testify that she had not given permission to D.D. or his companions to use the car. In fact, she testified that she did not even know them. Equally meritless is D.D.'s contention that, because there was no evidence that the steering wheel had been straight or the anti-theft device had been secure prior to the incident, there was no evidence that the males were attempting to steal the car.

Given that, as a group, the males broke the window of the car, entered the car, engaged in an activity which caused the car to rock back and forth, the wheel was bent and the anti-theft device loose, coupled with the testimony of the owner of the car that she did not know any of them, we find that sufficient evidence existed from which a finder of fact could conclude that the males were attempting to steal the car.

■ D.D. also contends that the evidence presented was insufficient because Officer Repsch's testimony was not credible. Issues of credibility are properly left to the trier of fact for resolution. *Commonwealth v. Fahy*, 512 Pa. 298, 308, 516 A.2d 689, 694 (1986). The finder of fact is entitled to give credence to witnesses' testimony, and we must defer to the court's determination of the officer's credibility and acceptance of his recollection of the events. The significant phrase in our standard of review is "all the evidence and all the reasonable inferences therefrom, upon which, *if believed*, the finder of fact could properly have based its verdict." Issues of credibility are left to the trier of fact; there is no justification for an appellate court, relying on the cold record, to review determinations of credibility made in the trial court. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976).

■ Finally, D.D. contends that the evidence proves only that he "was 'merely present' at the scene of the incident when he threw the rock through the window." The assertion negates itself. That D.D. broke the window of the car which his companions proceeded to enter in an attempt to steal it, in itself negates any inference of mere presence.

We turn, then, to D.D.'s only other contention, that he was entitled to a presumption that he lacked the capacity to form the necessary *mens rea* to commit the offenses for which he was charged. *Commonwealth v. Durham*, 255 Pa.Super. 539, 389 A.2d 108 (1978). As a threshold matter, we must address whether D.D. had presented and preserved, in the trial court, this issue of the infancy defense.

Judge Reynolds filed an Opinion pursuant to Pa.R.A.P. 1925 following his receipt of D.D.'s Concise Statement of Matters Complained of on Appeal. With respect to the preservation of any issue on the infancy defense, Judge Reynolds informs us:

> The third allegation of error is that the court misstated the holding in the *Durham* case. *Commonwealth v. Durham*, [255 Pa.Super 539] 389 A.2d 108.

The issues in that case are nowhere mentioned in the notes of testimony for the reason that they were at no time raised at trial. In fact, the *Durham* case was mentioned by the court to the assistant district attorney after trial *and* after argument.

Since this third issue was not raised at trial, it is not appealable now (See: Rule of Appellate Procedure 302(a)).

Opinion, Reynolds, J., Petition No. 4805–89–07, November 28, 1989, page 4.

A month after Judge Reynolds filed his Rule 1925 Opinion, counsel for D.D. and for the Commonwealth attempted to add to the record by filing, in the Superior Court, a document styled "Stipulation of Counsel to Correct the Record". Attached to that document were affidavits of counsel for the Commonwealth, counsel for D.D., and counsel for another juvenile involved in the same adjudicatory hearing, all purporting to set forth what had transpired during closing arguments on August 4, 1989.

Ten days later, the same counsel filed another document, again in the Superior Court, styled "Praceipe [sic] to Correct Record Pursuant to Stipulation of Counsel" to which were attached two other documents titled "Additional Stipulation of Counsel to Correct Record".

Neither of these documents are properly before this court as part of this appeal.

First, the *content* of the certified record on appeal is controlled by Rule 1921 of our Rules of Appellate Procedure which provides:

**Rule 1921. Composition of Record on Appeal**

The original papers and exhibits *filed in the lower court,* the transcript of proceedings, if any, and *a certified copy of the docket entries prepared by the clerk of the lower court* shall constitute the record on appeal in all cases. [emphasis added].

■ Under this rule, during our consideration of an appeal, we must accept and review only those papers which have been properly filed and docketed in the trial court.

For reasons which do not appear of record, counsel chose to by-pass the trial court and file their purported stipulations and "corrections" directly with this court, without any apparent attempt to contact the trial court in the matter. This is not in conformity with the Rule.

Second, the *procedure* for supplementing the existing record is equally explicit. Nowhere does counsel set forth its assumed authority for filing in the Superior Court, on December 29, 1989, the Stipulation of Counsel to Correct Record. As to the documents submitted with and attached to the so-called Praceipe to Correct Record Pursuant to Stipulation of Counsel filed on January 8, 1990, the "Additional Stipulation of Counsel to Correct Record" presents as its first averment:

1. This Stipulation of Counsel to Correct Record is filed pursuant to the authority granted in Pa.R.A.P. 1926.

However, that Rule sets forth:

**Rule 1926. Correction or Modification of the Record**
If any difference arises as to whether the record truly discloses what occurred in the lower court, *the difference shall be submitted to and settled by that court* after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record *by error or accident or is misstated therein,* the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and *if necessary that a supplemental record be certified and transmitted.* All other questions as to the form and content of the record shall be presented to the appellate court. [emphasis added].

■ While Rule 1926 permits parties to stipulate to facts omitted from the record *by error or accident,* the rule does not permit parties to stipulate, in the *absence* of a transcript, as to what *would have been reported* had the proceedings been transcribed. Rather, appellate proceed-

ings in the absence of a transcript are governed by Rules 1923 and 1924, which read as follows:

**RULE 1923. STATEMENT IN ABSENCE OF TRANSCRIPT**

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments *shall be submitted to the lower court for settlement and approval* and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

**RULE 1924. AGREED STATEMENT OF RECORD**

In lieu of the record on appeal as defined in Rule 1921 (composition of record on appeal), the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the lower court may consider necessary fully to present the issues raised by the appeal, *shall be approved by the lower court* and shall then be certified to the appellate court as the record on appeal and transmitted thereto *by the clerk of the lower court* within the time prescribed by Rule 1931 (transmission of the record). Copies of the agreed statement and the order from which the appeal is taken may be filed as the reproduced record. [emphasis added, both Rules].

■ Under either rule, appellants are required to submit their statement to the trial court for that court's approval. Neither rule purports to permit an appellant to submit to the Superior Court, in the first instance, affidavits of what transpired in the trial court in order to procure review.

Such filings are not part of the record as defined by Rule 1921, for the record consists only of "[t]he original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court ... in all cases." Furthermore, it does not appear to us that Judge Reynolds would have "approved" of this statement of the proceedings. As stated, he expressly denied in his opinion that any such argument had been made. Opinion of November 22, 1989, at 3.

■ This case presents a classic example of why each of the Rules here under review mandates the participation of, and highlight the responsibility of, the trial court. Rule 1923 requires that any statement "be submitted to the lower court for settlement and approval" and thereafter is included in the record "by the clerk of the lower court". Where an agreed statement of the case is prepared and signed by the parties pursuant to Rule 1924, there again it must be "approved by the lower court" and thereafter certified and transmitted "by the clerk of the lower court". It is equally clear under Rule 1926 that corrections or modifications of the record "shall be submitted to and settled by [the lower] court".

As we may consider only the certified record on appeal, and the record fails to support D.D.'s contention that the issue of capacity was preserved, we hold the issue was waived.

We are mindful of the long-standing rule that trial court opinions are not part of the record. *Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority*, 330 Pa.Super. 420, 459, 479 A.2d 973, 993 (1984) *rev'd. on other grds.* 507 Pa. 204, 489 A.2d 1291 (1985); *Commonwealth v. Darush*, 501 Pa. 15, 23 n. 8, 459 A.2d 727, 732 n. 8 (1983); *Independence Party Nomination*, 208 Pa. 108, 57 A. 344 (1904). We review Judge Reynolds' Rule 1925 Opinion not for the purpose of establishing that the infancy defense was not, in fact, raised but for the purpose of pointing up the apparent lack of unity between the trial court and the

several trial counsel as to what exactly transpired after the record was closed.

■ We may consider only material duly certified to us by the trial court. *Commonwealth v. Ingber*, 516 Pa. 2, 8 n. 3, 531 A.2d 1101, 1104 n. 3 (1987); *Graham v. Sky Haven Coal, Inc.*, 386 Pa.Super. 598, 612 n. 1, 563 A.2d 891, 898 n. 1 (1989) (Brosky, J. dissenting), *alloc. granted* 525 Pa. 600, 575 A.2d 566 (1990); *General Accident Fire & Life Assurance Corp., Ltd. v. Flamini*, 299 Pa.Super. 312, 317 n. 3, 445 A.2d 770, 773, n. 3 (1982). Where material in a supplemental record has not been included in the record as certified and transmitted by the trial court, it cannot be considered on review. *Ritter v. Ritter*, 359 Pa.Super. 12, 19, 518 A.2d 319, 323 (1986). For purposes of appellate review, what is not of record in the trial court does not exist. *Frank v. Frank*, 402 Pa.Super. 458, 461–65 n. 5, 587 A.2d 340, 342–43 n. 5 (1991).

It is the obligation of the appellant in the Superior Court to ensure that the record on review will be adequate to permit meaningful scrutiny. *Hart v. W.H. Stewart, Inc.*, 523 Pa. 13, 18, 564 A.2d 1250, 1253 (1989) (Larsen, J., dissenting); *Commonwealth v. Williams*, 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986). Both our Supreme Court and this court have recognized that mechanisms exist for reconstruction of a record where critical gaps appear. *Id., See:* Chapter 19—Preparation and Transmission of Record and Related Matters. Pa.R.A.P., 42 Pa.C.S.

■ It is not entirely clear that the post-trial arguments by counsel, occurring after the record has been closed without objection, constitute either "evidence or proceedings at a hearing or trial" as contemplated by Rule 1923. *Compare Commonwealth v. McLaughlin*, 393 Pa.Super. 277, 282, 574 A.2d 610, 613 (1990) (informal in-chambers conference conducted just prior to sentencing hearing held outside the ambit of Rule 1923). Assuming that these arguments could have been reconstructed under the Rule, it is clear that they have not been submitted to the trial court

for settlement and approval. It is also clear that the failure to secure Judge Reynolds' settlement and approval operates to prohibit these documents from being included by the clerk of the trial court in the record on appeal. Rule 1923, *supra.*

Based upon our analysis of the procedures contemplated by the rules and the purposes sought to be advanced thereby, we must conclude that D.D. has failed to present and preserve the issue of the claimed lack of capacity to form *mens rea* for review by this court.

In his brief, D.D. contends that the trial court

"may have inadvertently failed to remember that the appellant did in fact affirmatively raise the [infancy defense] issue, during the trial by entering into evidence a stipulation that the defendant is a thirteen year old juvenile with good character."

Brief for Appellant, page 15. The certified record contains this portion of the proceedings, at the conclusion of the adjudicatory hearing, and following the close of the Commonwealth's case:

MR. COARD [CO–DEFENDANT'S COUNSEL]: At this time, your Honor, we would demur to the PIC charge.

THE COURT: Sustained.

The demur to the PIC charge, the rock, is sustained.

MR. COARD: Thank you, Your Honor. We'd also demur, at this point to the conspiracy.

THE COURT: Denied.

MR. COARD: In addition, Your Honor, we'd argue that the demur [sic] should be granted in regard to the theft charge for several reasons.

. . . . .

. . . . .

THE COURT: The question involved in here is has the Commonwealth produced enough evidence to take this case to a judge; they have.

It's denied.

MR. COARD: That concludes my demur [sic], Your Honor.

THE COURT: Mr. Wilson [D.D.'s counsel].

MR. WILSON: No argument at this point, Your Honor.

THE COURT: Defense?

. . . . .

. . . . .

MR. WILSON: Your Honor, we also have a stipulation. I will call the Defendant's mother. There's two parts, Your Honor.

The first part is that we want on the record the Defendant's age was 13 years of age; and secondly, that if called, the defendant's mother would have testified to his good character.

MR. TAYLOR [ASST.D.A.]: So stipulated.

THE COURT: All right.

MR. WILSON: With that, Your Honor, defense would rest, at this particular point.

I would like to make argument.

THE COURT: Commonwealth?

MR. TAYLOR: Commonwealth rested already.

---

(Whereupon, closing arguments were held.)

---

Notes of Testimony, August 4, 1989, pages 16–19.

At no point prior to the close of the hearing did counsel for D.D. place at issue his claimed right to a presumption. Assuming that the capacity of D.D. to form the necessary *mens rea* was properly an issue in this case, it would not have to await the stipulation of defense counsel offered as part of the case for the juvenile. D.D.'s age was already before the hearing court through the petition alleging delinquency executed July 21, 1989 and a part of the record at the beginning of the hearing. In order to place the minor's capacity at issue, a motion for a directed verdict

should have been made at the close of the Commonwealth's case. *Commonwealth v. Durham, supra,* 255 Pa.Super. at 540–41, 389 A.2d at 109; 42 Pa.C.S. § 6336. Counsel for D.D. has not referred us to any cases, nor has our research unearthed any, which would support the proposition that a defense of lack of capacity may be placed at issue merely by introducing, by stipulation, the age of a respondent as part of the case for the juvenile.

In an appropriate case, this court may revisit the so-called *Durham* rule for the purpose of reviewing whether the common law presumptions concerning the capacity of minors are applicable in delinquency proceedings under the Juvenile Act. *Compare Commonwealth v. Sourbeer,* 492 Pa. 17, 422 A.2d 116 (1980) (recognition of common law presumptions regarding capacity in criminal prosecution); *In the Interest of E.J.,* 397 Pa.Super. 120, 579 A.2d 960 (1990) (common law presumption not considered upon finding of double jeopardy). On this appeal, we are again constrained to forego that re-evaluation since the issue is not properly before us. The issue was not raised and properly preserved on the record in the juvenile court and is therefor waived. It cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

The evidence was sufficient to support the finding of delinquency on both the attempted theft and conspiracy charges. We find the attempt to argue the common law presumption as to capacity to be without support in the record on this appeal. We affirm the adjudication of delinquency and the order of disposition. Jurisdiction is relinquished.

WIEAND, J. files a concurring statement in which DEL SOLE, J. joins.

WIEAND, Judge, concurring:

I agree with the majority that the Commonwealth presented sufficient evidence to support a finding that appellant was delinquent based upon acts which constituted

the crimes of attempted theft and criminal conspiracy. I also agree that the adjudication of delinquency must be affirmed. I would do so, however, because the Commonwealth did not have a duty to prove appellant's capacity to commit the criminal offenses forming the basis for the adjudication of delinquency. See: *In the Interest of G.T.*, 409 Pa.Super. 15, 597 A.2d 638 (1991).

DEL SOLE, J., joins.