J-E02002-23

2023 PA Super 274

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1631 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1632 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE:  PANELLA, P.J., BOWES, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

DISSENTING OPINION BY BOWES, J.:          **FILED DECEMBER 28, 2023**

The majority holds that the Commonwealth is foreclosed from appealing the orders entered below because it construes them as acquittals. While it is clear that the court purported to enter adjudications of not guilty, it was without the power to do so because the proceeding on July 15, 2021, in my

view, unquestionably amounted only to a preliminary hearing.  While a rose by any other name may smell as sweet in a Shakespeare play, an order finding a defendant not guilty will not serve as an acquittal for double jeopardy and appellate jurisdiction purposes simply because a court names it thusly.  Since I refuse to mechanically apply form over substance so as to give the orders below the power of acquittals when the court lacked the power to acquit Redanauer in the absence of a trial and, where the court, in fact, **prevented** the Commonwealth from presenting evidence outside the scope of a preliminary hearing, I respectfully dissent.

To illustrate why the court lacked the authority to acquit Redanauer, I begin with a brief overview of the procedural history.  Redanauer was charged by a single criminal complaint based upon an incident where he allegedly brandished a firearm and threatened the children of his paramour, one of whom was a minor and the other an adult.  In line with the practice of Philadelphia's Preliminary Arraignment System, the complainants were assigned separate municipal court docket numbers:  Case 7444 for the minor victim, and Case 7445 for the adult victim.  Notably, each docket listed the other under "consolidated defendant cases."  Criminal Docket for Case 7444, at 1 (capitalization omitted); Criminal Docket for Case 7445, at 1 (same).

Both dockets were listed for trial in the Philadelphia Municipal Court on July 15, 2021.  Thereafter, the Commonwealth filed a request at the lead docket number, Case 7444, for the matter to be re-listed as a preliminary hearing so that it could exercise its right to a jury trial based upon one of the

victims in the matter being a juvenile. By order, the president judge granted the request for the matter to be scheduled for a preliminary hearing on July 15, 2021.

While both dockets technically remained listed for trial, in accordance with the order, a preliminary hearing was held before the Honorable James Murray Lynn as to both dockets on July 15, 2021. At the hearing, the Commonwealth's sole witness was Daniel Taylor, the adult victim at Case 7445 and a witness for the charges filed at Case 7444. The caption on the transcript of the proceeding clearly identified it as a preliminary hearing for both dockets. Indeed, the conduct of all involved clearly indicated that everyone understood the proceeding to be a preliminary hearing for both Case 7444 and Case 7445. For example, Judge Lynn chastised the Commonwealth and curtailed its direct examination of Mr. Taylor when it perceived that it had exceeded the scope of a preliminary hearing, as evidenced by the following exchange:

Commonwealth: [Mr. Taylor, d]o you recall what you were wearing - -

Judge Lynn: Who cares.

Commonwealth: Okay.

Judge Lynn: Why do you care?

Commonwealth: No problem. I can go to the next question.

Judge Lynn: **We are at a preliminary hearing.**

Commonwealth: We are.

Judge Lynn: Why are we talking about this man's clothes?

- 3 -

Commonwealth: I can ask another question.

Judge Lynn: Don't waste my time.

Commonwealth: Got it.

Judge Lynn: It is completely irrelevant with what we are doing here today. Have you been doing this long?

Commonwealth: Yes.

Judge Lynn: With who?

Commonwealth: Various rooms and various judges. I was in the room for two years.

Judge Lynn: Not here.

Commonwealth: Nope. May I?

Judge Lynn: Just ask relevant questions.

N.T. 7/15/21, at 9-10 (emphasis added).

After the Commonwealth rested, Redanauer's attorney began his argument to the court by discussing how he approaches "every argument at a preliminary hearing[,]" and then requested that each docket be discharged for lack of *prima facie* evidence. ***Id***. at 23, 26. Nonetheless, he then claimed, for the first time, that the preceding hearing had been a preliminary hearing only for Case 7444, and a trial for Docket 7445 because no request for a jury trial had been filed at that docket number. ***Id***. at 26-27. He contended that the Commonwealth failed to present sufficient evidence proving guilt beyond a reasonable doubt at Case 7445, and that if the court acquitted him at Case

7445, jeopardy would attach and bar prosecution as to Case 7444. *Id*. at 27-28.

In response, the Commonwealth argued that the proceeding had been a preliminary hearing for both dockets, despite no certification being filed specifically at Case 7445, because the cases had been joined and the certification at Case 7444 implicitly included Case 7445. *Id*. at 29. In further support, the Commonwealth noted that a trial could not have commenced at Case 7445 because Redanauer had neither waived arraignment nor entered a plea of not guilty. *Id*.

At the conclusion of the hearing, Judge Lynn purported to acquit Redanauer at both dockets. He ruled that a trial had been held at Docket 7445 and found Redanauer not guilty. As for Case 7444, Judge Lynn found Redanauer not guilty because a *prima facie* case had not been established and double jeopardy had attached due to the acquittal at Case 7445.

With this backdrop in mind, the Majority quashes because "the Commonwealth has no right of appeal from a not guilty verdict, even where that verdict is based upon an egregiously erroneous foundation." Majority Opinion at 5 (cleaned up). Respectfully, this is not a situation where the court acquitted a defendant despite the Commonwealth unequivocally sustaining its burden of proof, such that the foundation for the verdict is erroneous. In that event, I of course agree that the Commonwealth would be foreclosed from appealing. However, this is not what occurred.

Here, the court proceeded with a preliminary hearing at two dockets, limited the Commonwealth to only presenting evidence pertinent to a preliminary hearing, and blindsided the Commonwealth by: (1) claiming, after the fact, that the Commonwealth had actually been proceeding at a trial on Case 7445; (2) acquitting Redanauer at that docket for insufficient evidence; and (3) barring prosecution at Case 7444 based upon double jeopardy. In my mind, the court's actions undeniably betrayed the expectations of all involved. As aptly stated by the Commonwealth, "[j]ust as defendants are entitled to fair notice of when they are facing trial[,]" so too is the Commonwealth as to "when it is required to present to the trier of fact **all** of the testimony and evidence necessary to sustain its heavy burden of proof beyond a reasonable doubt at trial, as opposed to simply clearing the far lower threshold" required at a preliminary hearing. Commonwealth's brief at 20 (cleaned up, emphasis in original).

Indeed, I find that the resulting "acquittals" were, in fact, legal nullities. It is axiomatic that an acquittal may only operate to acquit a defendant if the court had the power to enter such a verdict. Our Supreme Court has defined "power" as "the ability of a decision-making body to order or effect a certain result." ***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 636 (Pa. 2021) (cleaned up). The July 15, 2021 proceeding was clearly conducted as a preliminary hearing. As I discuss in detail *infra*, if the Commonwealth failed to meet its low burden of proof at the preliminary hearing, the court was required to dismiss the complaint. Pa.R.Crim.P.

543(E). No authority exists for a court to convict or acquit a defendant following only a preliminary hearing.

Therefore, for the court to have had the power to acquit Redanauer, the proceeding had to have been a trial. However, as I noted, the Commonwealth had invoked its constitutional right to a jury trial. Indeed, that right is enshrined in Article I, § 6 of the Pennsylvania Constitution, which specifically provides that "in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused." PA. CONST. art. I, § 6. To that end, our Supreme Court has observed that, "[t]rial by an impartial jury is the only right guaranteed by both Constitutions, and a criminal defendant may obtain a bench trial only by waiving the right to a jury—in Pennsylvania, with the consent of the Commonwealth and the approval of the court." *Commonwealth v. Sanchez*, 36 A.3d 24, 55 (Pa. 2011) (cleaned up). Herein, the Commonwealth never consented to a waiver of its right to a jury trial. Furthermore, no other statute or case law authorized the court to *sua sponte* transform the preliminary hearing into a trial following the close of evidence.

Based on the foregoing, the court lacked the power at that time to acquit Redanauer, and the purported acquittals were therefore legal nullities. *See Commonwealth v. Davis*, 242 A.3d 923, 936-37 (Pa.Super. 2020) (holding that Davis's "convictions constitute[d] a legal nullity and, as such, are unworthy of preclusive effect under the compulsory joinder rule and the principles of double jeopardy"). Stated simply, while the court had jurisdiction

to conduct the preliminary hearings, it lacked the power, or ability, to effectuate an acquittal at either docket at that time. ***See Domus***, ***supra*** at 636. Since the orders were not acquittals and cannot legally deprive the Commonwealth of its right to appeal, I would not quash.

Rather, I would reach the merits of the Commonwealth's claim. The Commonwealth asserts that the purported orders of "acquittal" should be reversed because they are "fundamentally inconsistent with the law and the orderly functioning of the criminal justice system" and "ha[ve] disturbing implications for the due process rights of all litigants." Commonwealth's supplemental brief at 1. The Commonwealth contends that the two docket numbers are merely a "quirk of the First Judicial System's arraignment system requiring the assignment of a separate consolidated docket number for each complainant at the preliminary arraignment stage" and that the cases, while at two separate dockets, remained consolidated, with the lead docket number being Case 7444, the one at which the Commonwealth filed the request for a jury trial. ***Id***. at 4. Since the cases were consolidated, the Commonwealth posits that its inclusion of only the lead docket number in its request for a jury trial did not operate to separate the dockets. ***Id***.

Upon review of the certified record, I agree with the Commonwealth that the matter comprised both dockets. Our Rules of Criminal Procedure provide that "[w]hen more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case." Pa.R.Crim.P.

- 8 -

505(B). Instantly, there was a single incident wherein it was alleged that Redanauer committed multiple offenses as to two victims. Despite the matters being docketed separately for each victim pursuant to a local administrative rule in Philadelphia, they proceeded together as a single case. As noted, the consolidation was clearly indicated on the respective dockets. Moreover, pursuant to our Rules of Criminal Procedure, the issuing authority was required to accept the matter as a single case and the Commonwealth was required to consolidate all charges for trial if held for court.[1] *See id*.; ***Commonwealth v. Griffin***, 456 A.2d 171, 175 (Pa.Super. 1983) (cleaned up). To do so, the Commonwealth is not required to file a pre-trial motion to consolidate. *See id*. Based on the foregoing, I would conclude that the two dockets were joined and proceeded, jointly, to a preliminary hearing on July 15, 2021.

It is axiomatic that "a preliminary hearing is not a trial[.]" ***Commonwealth v. Montgomery***, 234 A.3d 523, 533 (Pa. 2020). Our Supreme Court has elucidated as follows:

> [T]he principle function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention, and that the Commonwealth bears the burden at the preliminary hearing of establishing a *prima facie* case that a crime has been

---

[1] While Philadelphia may adopt local rules regarding the procedures it wishes to impose in managing its docketing systems, it may not do so in derogation of the meaning and intent of our Rules of Criminal Procedure. **See** Pa.St.J.Admin. 103(d)(2) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly. A Rules Committee, at any time, may recommend that the Supreme Court suspend, vacate, or require amendment of a local rule.").

committed and that the accused is probably the one who committed it. The evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury. The Commonwealth establishes a *prima facie* case where it produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense.

***Id***. (cleaned up).

The Rules of Criminal Procedure proscribe the court's power at a preliminary hearing. "At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it." Pa.R.Crim.P. 542(D). Rule 543 provides in pertinent part:

> (B) If the issuing authority finds that the Commonwealth has established a *prima facie* case that an offense has been committed and the defendant has committed it, the issuing authority shall hold the defendant for court on the offense(s) on which the Commonwealth established a *prima facie* case. If there is no offense for which a *prima facie* case has been established, the issuing authority shall discharge the defendant.
>
>     . . . .
>
> (E) If the Commonwealth does not establish a *prima facie* case of the defendant's guilt, and no application for a continuance is made and there is no reason for a continuance, the issuing authority shall dismiss the complaint.

Pa.R.Crim.P. 543.

In other words, the court's sole task at the preliminary hearing on July 15, 2021, was to determine whether the Commonwealth adduced sufficient evidence to make out a *prima facie* case as to both dockets. After making

that determination, the court could either hold the matter over for court or dismiss the complaint. It could not, however, *sua sponte* transform the preliminary hearing into a trial **after it was concluded** and acquit Redanauer based upon a finding that the Commonwealth had not met its burden of proof of beyond a reasonable doubt. ***See Commonwealth v. Santiago***, 270 A.3d 512, 519-20 (Pa.Super. 2022) (holding that guilty plea and resulting judgment of sentence were legal nullities because magisterial district judge lacked jurisdiction to convert the preliminary hearing into a guilty plea hearing as to the summary charges where the original felony and misdemeanor charges had not been properly withdrawn); ***Davis***, ***supra*** at 936-37 (deeming convictions a legal nullity where magisterial district judge lacked competent jurisdiction to transform the preliminary hearing into a summary trial); ***Domus***, ***supra*** at 636.

Having found that the court lacked the power to acquit Redanauer, I would vacate the orders appealed from and remand for further proceedings. Upon remand, the court shall dismiss the complaint at Case 7444, pursuant to Rule 543(E), because the court already concluded that the Commonwealth had not met its *prima facie* burden during the preliminary hearing at that docket. The Commonwealth may then reinstitute those charges pursuant to Pa.R.Crim.P. 544(A).[2]

_____

[2] Rule 544 provides as follows:

*(Footnote Continued Next Page)*

As for Case 7445, the court must determine whether the Commonwealth presented, on July 15, 2021, a *prima facie* case for those charges. Should the court find that the Commonwealth failed to meet this standard, it shall **discharge** Redanauer and dismiss the complaint, not acquit him. Again, if this occurs, the Commonwealth has the option to refile the charges in accordance with the Rules of Criminal Procedure. However, should the court determine that the Commonwealth sustained its low preliminary burden, the matter shall continue towards trial.

Since I would not quash, but would instead reach the merits of the Commonwealth's claim and vacate the orders appealed from, I respectfully dissent.

Judges Olson and King join this Dissenting Opinion.

---

(A) When charges are dismissed or withdrawn at, or prior to, a preliminary hearing, or when a grand jury declines to indict and the complaint is dismissed, the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the re-filing of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges.

(B) Following the re-filing of a complaint pursuant to paragraph (A), if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing. The motion shall set forth the reasons for requesting a different issuing authority.

Pa.R.Crim.P. 544.