J-E02002-23

2023 PA Super 274

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1631 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1632 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE:  PANELLA, P.J., BOWES, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY McLAUGHLIN, J.:                     **FILED DECEMBER 28, 2023**

The Commonwealth appeals from the orders finding Robert Redanauer not guilty. We quash.

The Commonwealth charged Redanauer with four misdemeanors: simple assault, recklessly endangering another person, possessing

instruments of crime, and terroristic threats.[1] It alleged that Redanauer had committed each of these offenses against two individuals, Daniel Taylor and his brother, A.T. The criminal complaint alleged that, on or about December 27, 2020, Redanauer "attempted to put Daniel Taylor and [A.T.] in fear of imminent bodily injury by pointing a firearm in their faces and saying, 'I'm going to shoot you fucker' as he walked towards them." Criminal Complaint, DC # 20-08-039365. The charges were docketed at two separate dockets, 7444-2021 ("Docket 7444") for the minor victim, and 7445-2021 ("Docket 7445") for Daniel Taylor. **See** PARS Report, Docket 7444; PARS Report, Docket 7445. Both cases were scheduled for trial in Philadelphia Municipal Court.

The Commonwealth filed a certification in Municipal Court, on June 9, 2021, exercising its right a to a jury trial for the case involving a minor victim, Docket 7444. The Commonwealth noted in the certification that the case was listed for trial in Municipal Court and requested that it be relisted for a preliminary hearing in the Court of Common Pleas. **See** Certification, filed 6/9/21; Pa.R.Crim.P. 1001(D). The Commonwealth did not file a certification for the other case, Docket 7445. The court accordingly listed only Docket 7444 for a preliminary hearing. **See** Order, filed 6/14/21, Docket 7444 ("This matter, currently listed for a trial on July 15, 2021, . . . shall be scheduled for

---

[1] 18 Pa.C.S.A. §§ 2701(a)(3), 2705, 907, and 2706, respectively.

a preliminary hearing . . . on July 15, 2021"). Docket 7445 remained scheduled for trial.

Both matters proceeded on July 15, 2021, before a single Common Pleas judge.[2] The Commonwealth's only witness was Daniel Taylor. The prosecution asked Taylor on direct examination what he was wearing on the day of the incident, and the court cut off the line of questioning as irrelevant at a preliminary hearing. *See* N.T., Preliminary Hearing, 7/15/21, at 9-10. Following cross-examination and re-direct, the Commonwealth rested. *See id.* at 23.

The court then heard argument from both parties. Defense counsel argued that the court "should discharge each of these matters for lack of evidence." *Id.* at 26. He also argued that since the Commonwealth had only filed a certification for Docket 7444, only the proceeding in that case had been a preliminary hearing. *Id.* He argued that since the Commonwealth had not filed a certification for Docket 7445, that case remained listed for trial and the Commonwealth had not carried its burden of proving guilt beyond a reasonable doubt. *Id.* at 27. He then argued that if the court found Redanauer not guilty at Docket 7445, then "jeopardy is attached and prosecution is barred on [7]444." *Id.*

The Commonwealth argued that joinder of the two cases was automatic and its certification at Docket 7444 included Docket 7445. *Id.* at 29. It also

---

[2] *See* 42 Pa.C.S.A. § 912 ("Every judge of a court of common pleas shall have all the powers of a judge or magisterial district judge of the minor judiciary").

argued that a trial never commenced because "the defense did not waive arraignment and enter a plea of not guilty[.]" ***Id.***

The court entered not guilty verdicts at both dockets. At Docket 7444, the court entered an order on July 15, 2021, stating, "Jury Demand – TRIAL – due to the trial on other matter ending in 7445-2021 – double jeopardy NOT GUILTY on all charges." Trial Disposition and Dismissal Form, Docket 7444. At Docket 7445, it entered an order that same day stating, "Jury Demand – ready TRIAL – NOT GUILTY on all charges." Trial Disposition and Dismissal Form, Docket 7445. The court stated on the record that at Docket 7445, a trial had occurred and the court found Redanauer not guilty. N.T. at 31, 32. As to Docket 7444, it stated that "a *prima facie* case was never established" and found Redanauer not guilty "because [of] double jeopardy, which attached when the trial was held [at Docket 7445]." ***Id.*** at 32.

The Commonwealth timely appealed, and a three-judge panel of this Court affirmed. We granted reargument *en banc*, and the Commonwealth raises the following issue:

> Did the [trial] court err in purporting to enter final and case-dispositive judgments (not guilty No. MC-51-CR-0007445-2021 and insufficient evidence and "[a]dditionally . . . not guilty" in No. MC-51-CR-0007444-2021), following a proceeding that was listed and acknowledged by the parties and the court to have been a preliminary hearing?

Commonwealth's Br. at 4.

The Commonwealth maintains that the trial court erred by treating the preliminary hearing at Docket 7444 as a trial, failing to deem the two matters

- 4 -

as automatically consolidated, and entering verdicts of not guilty. We do not reach the Commonwealth's arguments because the acquittals bar its appeal.

"The Commonwealth may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution[.]" **Commonwealth v. Ray**, 292 A.2d 410, 413 (Pa. 1972). An acquittal is "accorded absolute finality" and is "completely insulated from appellate review." **Commonwealth Dep't of Transp. v. Springbrook Transp., Inc.**, 568 A.2d 667, 669 (Pa.Super. 1990). This is so because a not guilty verdict cannot be reviewed "'without putting [the defendant] twice in jeopardy, and thereby violating'" the Double Jeopardy Clause. **United States v. Martin Linen Supply Co.**, 430 U.S. 564, 572 (1977) (quoting **United States v. Ball**, 163 U.S. 662, 671 (1896)), *quoted in* **Commonwealth v. Jung**, 531 A.2d 498, 500 (Pa.Super. 1987). In **Commonwealth v. Tillman**, 461 A.2d 795 (Pa. 1983), the Pennsylvania Supreme Court stressed that the Commonwealth has no right of appeal from a not guilty verdict, "even where that verdict is based upon an egregiously erroneous foundation." 461 A.2d at 797 (cleaned up); **see also Jung**, 531 A.2d at 500.

The not guilty verdicts therefore bar the Commonwealth's appeal, notwithstanding the Commonwealth's claims of error. An acquittal enjoys complete finality, "no matter how erroneous [the] decision may be." **Jung**, 531 A.2d at 500 (citing **Tillman**, 461 A.2d at 796-97). This rule is the basis of our disagreement with the dissent. The dissent concludes that the lower court lacked authority to "transform the preliminary hearing into a trial[.]"

Dissenting Opinion at 7. This is nothing more than a claim of error. Under longstanding precedent, notwithstanding any alleged error, the Commonwealth may not appeal from a not guilty verdict. We quash these appeals. **See Springbrook**, 568 A.2d at 671-72 (quashing Commonwealth appeal from not guilty verdict due to double jeopardy); **Tillman**, 461 A.2d at 797 (quashing Commonwealth appeal from not guilty verdict and stating "no prosecution appeal lies from a not guilty verdict, even where that verdict is based upon an egregiously erroneous foundation") (internal quotations and citations omitted).

Appeals quashed.[3]

President Judge Panella, Judge Dubow, Judge Kunselman, Judge Murray and Judge McCaffery join the Opinion.

_____

[3] The Commonwealth appended to its briefing an article about this case from the Philadelphia *Inquirer*. **See** Commonwealth's Br., Appendix. The article is nowhere in the certified record, and the Commonwealth's inclusion of it in its briefs was improper. The Commonwealth maintains that it provided the article "simply to note that the handling of these proceedings became the subject of public attention and news coverage, not to establish any disputed or disputable facts." **Id.** at 11 n.6. It cites in support **Robar v. Village of Potsdam Board of Trustees**, 490 F.Supp.3d 546, 564 n.7 (N.D.N.Y. 2020). **Robar** is not controlling on this Court and in any event, it is inapposite. The **Robar** court relied on news articles to show the existence of viewers of Robar's installation and that it was "a form of political protest." **Id.** at 564. That is not the Commonwealth's stated reason for including the article. Moreover, under Pennsylvania law, materials not in the certified record may not simply be appended to a party's brief, least of all because the litigant believes this Court ought to be aware that the case under review was the subject of news reporting.

- 6 -

Judge Bowes files a Dissenting Opinion in which Judge Olson and Judge King join.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023